**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 97-20879**
**Summary Calendar**

---

**ALPINE VIEW COMPANY LIMITED; BJORN HANSEN,**

**Plaintiffs-Appellants,**

**VERSUS**

**ATLAS COPCO A.B.; ATLAS COPCO ROBBINS;**
**ATLAS COPCO COMPRESSORS INCORPORATED;**
**AND ATLAS COPCO COMPTEC INCORPORATED,**

**Defendants-Appellees.**

---

Appeal from the United States District Court
for the Southern District of Texas

---

August 20, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:

During the pendency of this appeal, our Court sitting en banc decided *Marathon Oil Co. v. A.G. Ruhrgas*, No. 96-20361, 1998 WL 329842 (5th Cir. June 22, 1998) (en banc). The procedural circumstances involved in this appeal are very similar to those involved in *Marathon Oil* and our decision herein is controlled by that en banc decision.

Accordingly, we vacate the following orders entered in the court below:

a. Memorandum and Recommendation entered under date of July 31, 1996 by the magistrate judge which recommended (i) that defendant Atlas Copco AB's motion to dismiss for lack of personal jurisdiction (docket entry 22) be granted; (ii) that defendant Atlas Copco Robbins' motion to dismiss for lack of personal jurisdiction (docket entry 26) be granted; and (iii) that plaintiffs' motion to remand this case (docket entry 16) be denied as moot.

b. The Order of the district court entered on October 1, 1996 adopting the magistrate judge's Memorandum and Recommendation entered under date of July 31, 1996 as described in the foregoing subparagraph;

c. The Memorandum and Recommendation entered under date of August 1, 1996 by the magistrate judge which recommended that the motions of defendants Atlas Copco Comptec, Inc. and Atlas Copco Compressors, Inc. to dismiss for forum non conveniens (docket entries 4 and 9) be granted; and

d. The Order of the district court entered under date of October 1, 1996 adopting the magistrate judge's Memorandum and Recommendation entered under date of August 1, 1996 as described in the foregoing subparagraph.

IT IS FURTHER ORDERED that this case be remanded to the

district court for a determination as to whether the federal district court has subject matter jurisdiction of the cause of action as removed from the state court.