**Wanda FISHER; Scott Fisher; and Brandy Fisher, Plaintiffs,**

v.

**PROFESSIONAL COMPOUNDING CENTERS OF AMERICA, INC., a foreign corporation; Alfa Chemicals Italiana, a foreign corporation; Sagran, a foreign corporation; CPS, Inc., a California corporation; and HBS, Inc., a California corporation, Defendants.**

No. CV–S–01–1031–PMPPAL.

United States District Court,
D. Nevada.

May 18, 2004.

Will Kemp, Harrison, Kemp & Jones, Chtd., Las Vegas, NV, Counsel for Plaintiffs.

Steve Morris, Margaret L. Sanner, Jenny Sullivan Parker, Morris Pickering & Sanner, Las Vegas, NV, Counsel for Defendant Alfa Chemicals Italiana.

Carrie McCrea Hanlon, Pyatt Silvestri & Hanlon, Las Vegas, NV, Counsel for Defendant Professional Compounding Centers.

## ORDER

PRO, Chief Judge.

Presently before the Court is Defendant Alfa Chemicals Italiana's ("Alfa") Motion for Summary Judgment (Doc.## 189, 190) filed on September 29, 2003. Alfa filed an Errata (Doc. # 194) on October 3, 2003. Plaintiffs filed an Opposition (Doc.## 196, 197) on October 15, 2003. Plaintiffs filed an Addendum to their Opposition (Doc. # 204) on October 20, 2003, and four Supplements (Doc.## 212, 238, 253, 256) on November 4, 2003, January 8, 2004, March 15, 2004, and March 17, 2004. Alfa filed a Reply to Plaintiffs' Opposition (Doc. # 214) on November 5, 2003. Alfa filed an Errata to this Reply (Doc. # 216) on November 6, 2003. Alfa also filed a Supplement to its Reply (Doc. # 255) on March 17, 2004.

The Court held a hearing on March 17, 2004. Following the hearing, the Court entered an Order holding that the Court had no specific personal jurisdiction over Alfa. (Order dated March 26, 2004 [Doc. # 260].) The Court re-opened discovery for thirty days on the question of general personal jurisdiction over Alfa and set the matter for hearing. (*Id.*) On April 23, 2004, Plaintiffs filed a Motion for Leave to Extend Personnel (sic) Jurisdiction Discovery Time Period for Limited Purpose of Producing Specific Interrogatories, Request for Productions and PMK(s) Authenticate Documents (Doc. # 262). On May 7,

2004, Alfa filed Defendant's Opposition to Plaintiffs' Motion to Extend Jurisdictional Discovery (Doc. # 264). The Court held a telephonic hearing regarding the motion to extend jurisdictional discovery on May 13, 2004 (Doc. # 268). At the hearing, the Court denied the motion to extend discovery but ordered Alfa to produce an agreement between Alfa and Allied Signal. (*Id.*)

On May 12, Plaintiffs filed Plaintiffs' Motion to Exceed Limitation on Length for Bench Brief Setting Forth Facts and Caselaw Regarding General Jurisdiction (Doc. # 266). That same day, Plaintiffs also filed Plaintiffs Bench Brief Setting Forth Facts and Caselaw Regarding General Jurisdiction (Doc. # 267). Also on May 12, Defendant Alfa filed Defendant's Supplement to Motion for Summary Judgment as to General Jurisdiction (Doc. # 265). On May 14, the Court held a hearing on Alfa's motion for summary judgment on the issue of general personal jurisdiction.

## I. BACKGROUND

Plaintiffs Wanda Fisher and her husband Scott Fisher bring this suit for damages arising out of Wanda's consumption of the diet drug fen/phen, a compound of two drugs, fenfluramine and phentermine. (Notice of Removal [Doc. # 3], Ex. A; Exs. to Pls.' Opp'n to Alfa and Def. PCCA Motions for Summ. J. ["Exs. to Pls.' Opp'n"], Ex. 2 at 15.) The fenfluramine reached Wanda Fisher in Utah through an importation scheme described in this Court's prior Order. (Doc. # 260 at 4–6.)

Defendant Alfa is an Italian company which formerly owned a subsidiary named Industria Chimica Farmeceutica Italiana ("ICFI"). (Exs. to Mot. for Summ. J. of Def. Alfa ["Exs. to Alfa's Mot."], Ex. A at 5–9.) ICFI produced in bulk the active pharmaceutical ingredient fenfluramine at a plant in Italy. (*Id.* at 12–13, 22.) Alfa distributed the fenfluramine to five companies in the United States, none of which were located in Nevada. (Exs. to Alfa's Mot., Ex. B at 93.) Alfa distributed this fenfluramine for research and development purposes only, not for consumer use. (*Id.*)

In addition to fenfluramine, Alfa manufactures other active pharmaceutical ingredients which have reached the American market. The parties have focused on two of Alfa's most successful products, naproxen sodium and naproxen. Alfa produces these chemicals at its plant in Italy. (Pls.' Bench Br. Setting Forth Facts and Caselaw Regarding General Jurisdiction ["Pls.' Bench Brief"] at 18 (citing Gianetti Dep. at 33).) Alfa then ships the product to either foreign final dose manufacturers or to U.S. distributors for sale to American final dosage manufacturers. (*Id.* at 18–19, 28–29 (citing Gianetti Dep. at 30–31, 45–52, 64, 80, 104–05, and Wedinger Dep. at 19); Def.'s Opp'n to Pls.' Mot. to Extend Jurisdictional Discovery, Ex. G at 104–05.) Alfa has had several U.S. distributors over the years, but in no year was the distributor located in Nevada.[1] The distributor

---

1. Alfa had a distribution agreement with Vinchem, which was located in New Jersey. (Pls.' Bench Brief at 16.) Plaintiffs allege Alfa then distributed its own products in the U.S. for a brief period out of a New Jersey office. (*Id.* at 22–23.) Alfa then entered into an Agreement with Allied Signal. (*Id.* at 23–24.) Allied Signal is a Delaware corporation. (*See* Allied Signal Distribution Agreement at 1.) Allied Signal was sold to Honeywell, who took over Alfa's U.S. distribution efforts out of New Jersey. (Pls.' Bench Brief at 25–26.) Alfa's products then were distributed in the U.S. by Teva U.S.A., again apparently located in New Jersey. (*Id.* at 27–29.) Plaintiffs also identify Edwin Hughes as an Alfa U.S. marketing consultant. (*Id.* at 29.) Hughes was located in Illinois. (*Id.*) Finally, Plaintiffs note Alfa hired a consultant in Maryland to assist with Food and Drug Administration filings. (*Id.* at 29–30.) Plaintiffs present no evidence that any of these companies were

agreements between Alfa and its distributors Vinchem and Allied Signal identified the relevant distribution territory as the entire United States. (Exs. to Pls.' Opp'n, Ex. 36 at 4; Distributorship Agreement with Allied Signal [handed to the Court at the May 14, 2004 hearing] at 1, 7.) Neither Alfa nor its direct distributors ever made sales to any entity in Nevada. (Pls.' Bench Brief at 43.) Rather, Alfa and/or its U.S. sales agents made sales to final dosage manufacturers in other states who incorporated Alfa's raw chemicals into final dosage forms. (Def.'s Supplement to Mot. for Summ. J. as to General Jurisdiction, Ex. D at 23–25, 118–19; Ex. E at 15–16, 49, 68–69.) Those manufacturers then distributed their products throughout the United States, including Nevada. (Def.'s Supplement to Mot. for Summ. J. as to General Jurisdiction, Ex. D at 23–25, 118–19; Ex. E at 15–16, 49, 68–69.) Alfa owns no property in Nevada, and has no employees, offices, bank accounts, or sales agents in Nevada. (Exs. to Alfa's Mot., Exs. X, Z.) In sum, Alfa's only connection with Nevada is that its active pharmaceutical ingredients ultimately end up in this state as components of another out-of-state manufacturer's final product.

## II.  SUMMARY JUDGMENT

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" demonstrate "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The substantive law defines which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir.2001).

The party moving for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir.2000). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. Id.; Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 997 (9th Cir. 2001).

## III.  PERSONAL JURISDICTION OVER DEFENDANT ALFA

Alfa moves for summary judgment asserting this Court lacks personal jurisdiction over Alfa. Plaintiffs contend that due to Alfa's continuous and systematic marketing of drugs to the U.S., the Court has general personal jurisdiction over it. Plaintiffs also argue the Court should revisit the specific personal jurisdiction question because recent discovery revealed that Alfa's U.S. distributor, Vinchem, met with co-defendant Professional Compounding Centers of America, Inc. ("PCCA") and presented PCCA with Alfa's product line.

Due process requires that in order to subject a defendant not present within the forum to personal jurisdiction, he must have " 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir.2003) (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The Court may exercise either general or specific personal jurisdiction.

To establish general personal jurisdiction, Alfa must have sufficient contacts located in or had offices or sales agents in Nevada.

to "constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir.2002) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000)). Courts consider such factors as whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1077 (9th Cir.2003). "[A] defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit concerns matters not arising out of his contacts with the forum." *Glencore Grain*, 284 F.3d at 1123 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

■ Plaintiffs have not met their burden of establishing even a prima facie case that this Court has general personal jurisdiction over Alfa. *See Harris Rutsky*, 328 F.3d at 1129. Alfa does not have the kind of continuous and systematic contacts with this State approximating physical presence to support general personal jurisdiction. Alfa owns no property or bank accounts in Nevada. It has no offices, employees, or sales agents in Nevada. Alfa has not designated an agent for service of process in Nevada. It does it hold a license nor is it incorporated here. Neither Alfa nor its direct distributors made any sales in this State. Alfa's distributors, such as Vinchem, made regular sales of Alfa's pharmaceutical ingredients to final dosage manufacturers in the U.S., but no manufacturers were located in Nevada. Alfa's only contact with Nevada occurs after final dosage manufacturers in other states incorporate Alfa's raw ingredients in their products and those manufacturers market the final dosage products to the entire U.S., including Nevada.

■ Plaintiffs contend that Alfa, having put its product into the stream of commerce with certain knowledge that it will reach Nevada is subject to general personal jurisdiction in this State even for actions unrelated to those products. But the stream of commerce theory does not apply to a general jurisdiction analysis. *See Huffy Corp. v. Overload Indus.*, 246 F.Supp.2d 1093, 1099 (D.Nev.2003) (holding that defendant's "placement of products into the stream of commerce does not support this Court's exercise of general jurisdiction"); *see also Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 788 (7th Cir.2003) (stream of commerce theory "is relevant only to the exercise of specific jurisdiction; it provides no basis for exercising general jurisdiction over a nonresident defendant"); *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 216 (5th Cir.2000) ("We have specifically rejected a party's reliance on the stream-of-commerce theory to support asserting general jurisdiction over a nonresident defendant."). The mere fact that large quantities of Alfa's products ultimately end up in this state therefore does not subject Alfa to general personal jurisdiction in this Court.

Plaintiffs' attempts to re-open the specific personal jurisdiction question are unpersuasive. As discussed in this Court's prior order, to exercise specific personal jurisdiction over Alfa, Plaintiffs' claims must arise out of or relate to Alfa's forum-related activities. *Harris Rutsky*, 328 F.3d at 1129. The Ninth Circuit has adopted a "but for" test to determine whether the injury arises from the forum activity. *Id.* at 1131–32. Plaintiffs' new evidence that Vinchem met with PCCA to present Alfa's product line does not alter this Court's prior analysis. Plaintiffs pres-

ent no evidence Vinchem actually sold any Alfa products to PCCA. Alfa never shipped fenfluramine to Nevada. Wanda Fisher obtained the fenfluramine that allegedly caused her injuries in Utah, not Nevada. Consequently, Plaintiffs' injuries did not arise out of or relate to Alfa's activities in Nevada.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Exceed Limitation on Length for Bench Brief Setting Forth Facts and Caselaw Regarding General Jurisdiction (Doc. # 266) is hereby GRANTED.

IT IS FURTHER ORDERED that Motion for Summary Judgment of Defendant Alfa Chemicals Italiana (Docs.# 189, 190) is hereby GRANTED. The Court hereby dismisses without prejudice Plaintiffs' Complaint as it relates to Defendant Alfa for lack of personal jurisdiction.