United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30953
Summary Calendar

MARION A. DUDEK,

Plaintiff-Appellant,

versus

DONALD C. & ELEANOR J. GLANVILLE REVOCABLE TRUST,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CV-1799
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Marion A. Dudek appeals from the district court's dismissal, for lack of personal jurisdiction, of his action against the Donald C. & Eleanor J. Glanville Revocable Trust ("the Trust"). In the action, which the Trust removed from Louisiana state court, Dudek sought declaratory relief regarding an arbitration clause in a Bare Boat Charter contract ("the Charter") for Barge ZB-300 ("the Barge") and injunctive relief barring the Trust from enforcing the arbitration provision against Dudek.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the district court's dismissal de novo. See Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 214 (5th Cir. 2000).  The plaintiff may satisfy its burden by presenting a prima facie case for jurisdiction.  See Felch v. Transportes Lar-Mex SA de CV, 92 F.3d 320, 326 (5th Cir. 1996). All uncontroverted allegations by the plaintiff are accepted, and all conflicts between the parties are resolved in favor of the plaintiff.  See Alpine, 205 F.3d at 215.

Dudek argues that the Trust's contacts with Louisiana are sufficient to confer personal jurisdiction.  He attempts to distinguish the facts of his case from Hydrokinetics, Inc. v. Alaska Mechanical, Inc., 700 F.2d 1026 (5th Cir. 1983).

After a thorough review of the record, we have determined that the district court did not err in granting the Trust's motion to dismiss for want of personal jurisdiction.  The evidence of record in connection with the motion to dismiss does not indicate that the Trust purposefully directed its activities at the resident of the forum so as to establish specific jurisdiction. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

The facts of the instant matter are closely analogous to Hydrokinetics.  Although the parties formed the Charter in Louisiana, as in Hydrokinetics the significance of that fact is diminished by a choice-of-law provision that invokes the law of another state.  See Hydrokinetics, 700 F.2d at 1029.  While it is relevant that one or more Trust representatives traveled to

Louisiana regarding the Charter, as in <u>Hydrokinetics</u> such travel is not sufficient "to alter the basic quality and nature of [the non-resident defendant's] contact with the [forum] state." <u>Id.</u> Finally, aside from the temporary presence of the Barge in Louisiana waters, our review of the record indicates, as in <u>Hydrokinetics</u>, that the sole contact between the non-resident defendant and the forum state is a contract that did not require performance, other than payment, by the defendant in the forum state. <u>See</u> <u>id.</u> The mere presence of the Barge in Louisiana waters does not establish that the Trust has sufficient "continuous and systematic" contacts with the forum state to establish general jurisdiction. <u>See</u> <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414-15 (1984).

In view of our determination that Dudek failed to establish that the Trust was subject to personal jurisdiction, we do not consider Dudek's argument that he is entitled to have a court determine whether he bound himself personally to arbitration under the Charter and whether the arbitrator has jurisdiction over him. The judgment of the district court is AFFIRMED.