**George PAZ, et al. Plaintiffs**

v.

**BRUSH ENGINEERED MATERIALS, INC., et al. Defendants**

No. 1:04CV597.

United States District Court, S.D. Mississippi, Southern Division.

Jan. 7, 2005.

Randall Allan Smith(PHV), Smith & Fawer, New Orleans, LA, Robert C. Latham, Truly, Smith, Latham & Kuehnle, Natchez, MS, Ruben Honik(PHV), Joseph J. Urban(PHV), Sherrie J. Cohen(PHV), Golomb & Honik, Philadelphia, PA, Stephen M. Wiles(PHV), Smith & Fawer, New Orleans, LA, for Plaintiffs George Paz, Barbara Faciane, Joe Lewis, Donald Jones, Ernest E. Bryan, Gregory Condiff, Karla Condiff, Odie Ladner, Henry Polk, Roy Tootle, William H. Stewart, Jr., Margaret Ann Harris, Judith A. Lemon, Theresa Ladner, Yolanda Yolanda Paz, individually and on behalf of all others similarly situated.

Jeffery D. Ubersax(PHV), Jones Day, Cleveland, OH, Paul H. Stephenson, III, Watkins & Eager, Jackson, for Defendants Brush Engineered Materials, Inc. and Brush Wellman, Inc.

Timothy D. Crawley, Anderson, Crawley & Burke, PLLC, Ridgeland, for Defendant Wess–Del, Inc.

Roy D. Campbell, III, Bradley, Arant, Rose & White, LLP, Jackson, MS, for Defendant The Boeing Company.

### ORDER GRANTING MOTION TO DISMISS OF DEFENDANT BRUSH ENGINEERED MATERIALS, INC.

GUIROLA, District Judge.

THE MATTER BEFORE THE COURT are 1) the Motion to Dismiss filed by Defendant Brush Engineered Materials, Inc. [16]; 2) the Motion to Dismiss filed by Brush Engineered Materials, Inc. ("BEMI") and Brush Wellman Inc. and joined in by The Boeing Company [14]; and 3) the Motion to Dismiss filed by Defendant Wess–Del, Inc. [22]. Plaintiffs have responded to each of the Motions, and each of the Defendants have replied in support of their Motions. After due consideration of the submissions and the relevant law, it is the Court's opinion that it lacks personal jurisdiction over Defendants Brush Engineered Materials, Inc. and Wess–Del, Inc. Further, as to the Defendants over which the Court has jurisdiction, the Court finds that the Complaint fails to state a claim upon which relief can be granted. Accordingly, the Motions to Dismiss should be granted.

### DISCUSSION

Plaintiffs are employees or family members of employees of the John C. Stennis Space Center in Stennis, Mississippi and the Canoga Park facility in Canoga Park, California. They filed this lawsuit for themselves and others similarly situated as a "Class Action Complaint For Medical Monitoring." They claim that they were exposed to respirable beryllium dust, fumes and particulate matter, and the Defendants failed to warn them about the dangers of such exposure. Plaintiffs state that the beryllium products at issue were processed and manufactured by Defendants Brush Wellman Inc. and BEMI, were then machined, assembled, and fabricated by Defendant Wess–Del, who in turn sold them to Defendant The Boeing Company, who used them at the Canoga Park facility in California and the Stennis Space Center in Mississippi. Plaintiffs seek the establishment of a medical monitoring trust fund to pay for diagnostic tests, and treatment in the event that the tests reveal disease or illness resulting from exposure.[1]

---

1. Plaintiffs also include what appear to be claims of product liability, negligence and breach of warranty. However, they assert in their response to the Motions that they "are not seeking compensatory damages in this action, but only the establishment of a medical monitoring trust fund," and that these other claims are only "theories of liability"

Defendants BEMI and Wess–Del, Inc. have filed Motions to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) challenging the Court's personal jurisdiction. All Defendants object to what they assert is improper venue pursuant to Fed.R.Civ.P. 12(b)(3), and all seek dismissal pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim.

STANDARD FOR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2):

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proof. *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir. 1982). "It is not necessary for [the plaintiff] to 'establish personal jurisdiction by a preponderance of the evidence; prima facie evidence of personal jurisdiction is sufficient.' " *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 854 (5th Cir.2000), *quoting Wyatt,* 686 F.2d at 280. The Court will accept the Plaintiffs' "uncontroverted allegations, and resolve in [its] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Kelly,* 213 F.3d at 854, *citing Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208, 215 (5th Cir.2000).

PERSONAL JURISDICTION:

 "A federal district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." *Allred v. Moore & Peterson,* 117 F.3d 278, 281 (5th Cir.1997) (citations omitted). " 'The state court or federal court sitting in diversity may assert jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution.' " *Allred,* 117 F.3d at 281 (citations

omitted). Therefore, first, the law of Mississippi must provide for the assertion of such jurisdiction; and, second, the exercise of jurisdiction under Mississippi state law must comport with the dictates of the Fourteenth Amendment Due Process Clause. *Smith v. DeWalt Products Corp.,* 743 F.2d 277, 278 (1984). However, if Mississippi law does not provide for the assertion of personal jurisdiction over the defendant, it follows that the Court need not consider the due process issue. *Id.; Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 616 (5th Cir.1989).

Mississippi's long-arm statute provides in relevant part:

Any nonresident ... corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss.Code Ann. § 13–3–57.

 The Plaintiffs rely solely on the "tort-prong" of Mississippi's long-arm statute to support their contention that personal jurisdiction over BEMI is proper. The statute's tort-prong provides for personal jurisdiction over any nonresident who commits a tort in whole or in part within the state of Mississippi against a resident or nonresident of the state. Miss. Code Ann. § 13–3–57; *Jobe v. ATR Mar-*

---

that are "tied to" the claim for medical monitoring. Accordingly, the Court will not treat

these claims as separate from the medical monitoring claim.

*keting, Inc.* 87 F.3d 751, 753 (5th Cir. 1996). The plaintiffs bear the burden of establishing the Court's jurisdiction over nonresident defendant BEMI. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.1994). In determining whether personal jurisdiction exists, the Court is not restricted to a review of the plaintiff's pleadings. It may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Colwell Realty Investments v. Triple T. Inns of Arizona,* 785 F.2d 1330 (5th Cir. 1986).

In construing the tort-prong of Mississippi's long-arm statute, the Mississippi Supreme Court has held that personal jurisdiction over a defendant who allegedly committed a tort is proper if any of the elements of the tort—or any part of an element—takes place in Mississippi. *Smith v. Temco, Inc.,* 252 So.2d 212 (Miss. 1971).

■ Plaintiffs claim that the Court may assert personal jurisdiction over BEMI, a foreign corporation with no contacts in Mississippi, because it is insufficiently separate from its subsidiary Brush Wellman, Inc., which does have contacts in Mississippi. The prerequisites for establishing personal jurisdiction over a corporation, based on the contacts of its subsidiary, are set out in *Hargrave v. Fibreboard Corp.,* 710 F.2d 1154 (5th Cir.1983).

[S]o long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other.... Generally, our cases demand proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes.... **The degree of control exercised by the parent must be greater than that normally associated with common ownership and directorship....** All the relevant facts and circumstances surrounding the operations of the parent and subsidiary must be examined to determine whether two separate and distinct corporate entities exist.

*Id.* at 1160 (internal quotation marks and citations omitted)(emphasis added). *See also Access Telecom, Inc. v. MCI Telecommunications Corp.,* 197 F.3d 694, 717 (5th Cir.1999) ("typically, the corporate independence of companies defeats the assertion of jurisdiction over one by using contacts with the other"); *Dickson Marine, Inc. v. Panalpina, Inc.,* 179 F.3d 331, 338 (5th Cir.1999) ("Courts have long presumed the institutional independence of related corporations, such as parent and subsidiary, when determining if one corporation's contacts with a forum can be the basis of a related corporation's contacts"; presumption may be overcome by "clear evidence"); *Southmark Corp. v. Life Investors, Inc.,* 851 F.2d 763, 773–74 (5th Cir.1988) ("it is well-settled that where ... a wholly owned subsidiary is operated as a distinct corporation, its contacts with the forum cannot be imputed to the parent"); *Benton v. Cameco Corp.,* 375 F.3d 1070, 1081 (10th Cir.2004) (A holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity").

### a. *Brush Engineered Materials, Inc.*

Defendant BEMI has submitted the affidavit of Michael C. Hasychak, its Vice–President, Treasurer and Secretary. Mr. Hasychak states that BEMI is a holding company incorporated under the laws of the State of Ohio in February 2000, with its headquarters and principal place of business in Cleveland, Ohio. BEMI owns

Brush Wellman, Inc. and six other subsidiaries. BEMI does not now, nor has it ever manufactured or sold any beryllium or beryllium-containing products. BEMI has never had an office, nor been licensed or registered to do business in Mississippi. BEMI has never owned property, maintained a bank account, had employees, advertised or solicited business in Mississippi. Mr. Hasychak further states that BEMI and Brush Wellman Inc. are separate entities which have only one director and four officers in common. Brush Wellman Inc. is separately and adequately capitalized. BEMI does not pay Brush Wellman Inc.'s expenses. This evidence tends to show that BEMI and Brush Wellman, Inc. are two separate and distinct entities.

In response, the Plaintiffs provide a copy of BEMI's Environmental Health & Safety Policy, which they allege shows that BEMI designs, manufactures, and distributes beryllium and beryllium-containing products. The one-page document has two sections; the first is a policy statement and the second consists of 11 principles in support of the policy statement. Plaintiffs contend that BEMI's implementation of the policy and procedures caused injury, and BEMI had knowledge that injury would result, thereby constituting a tort within Mississippi sufficient to bring BEMI within the jurisdiction of the Court. Plaintiffs cite *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619 (5th Cir.1999) and *Wien Air v. Brandt*, 195 F.3d 208 (5th Cir.1999) in support of this assertion. Reviewing those cases however, reveals that they involve circumstances unlike those in this case. For example, in the *Guidry* case, the defendants publicized false or misleading information about a product in broadcast and print media in the forum state. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619 (5th Cir.1999). There is no similar contact between BEMI and Mississippi shown in this case. The court in *Wien Air*

found that "[t]he prima facie evidence indicates that [the defendant] directed affirmative misrepresentations and omissions to the plaintiff in Texas." *Wien Air v. Brandt*, 195 F.3d at 213. Once again, there is no such similar activity shown in regard to BEMI. The Court therefore concludes that the Plaintiffs have failed to overcome the presumption that BEMI is independent from any of its subsidiary companies which may have contacts with Mississippi. BEMI does not have sufficient contacts to allow the Court to assert personal jurisdiction over it in this case.

### b. Wess–Del, Inc.

■ Defendant Wess–Del, Inc. has submitted the affidavit of David Kirst, its Chief Financial Officer. In contrast to the Plaintiffs' allegations that Wess–Del knew that it was delivering beryllium to Mississippi when it sold its machined parts to The Boeing Company, Mr. Kirst states that after reviewing all of the relevant sales records, it appears that no aspect of the sales took place in Mississippi. No delivery of any Wess–Del product was made in Mississippi. All of the products sold by Wess–Del to The Boeing Company reflect "ship to" addresses in the State of California. Wess–Del is a California corporation with its principal place of business in California. It has no facilities, employees, representative or agents in Mississippi and does not avail itself of the market in Mississippi. It is not licensed or authorized to do business in Mississippi, and in fact does not do any business in Mississippi.

To provide the evidence necessary to meet its burden of showing sufficient contacts to support personal jurisdiction over Wess–Del, the Plaintiffs attach a one-page sheet from BEMI's website, which shows the name "WessDel," among others. It is not clear what the significance of this doc-

ument might be, but it clearly does not provide evidence of contacts between Defendant Wess–Del and the State of Mississippi. Wess–Del therefore does not have sufficient contacts to allow the Court to assert personal jurisdiction over it in this case.

*STANDARD FOR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6):*

■ In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996), *citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992). "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker,* 75 F.3d at 197.

Defendants contend that the Plaintiffs cannot state a claim for medical monitoring because such a cause of action does not exist in Mississippi. Plaintiffs have not directed the Court to any case law establishing such a cause of action in Mississippi. In the *Anglado v. Leaf River Forest Products Inc.* case cited by Plaintiffs, the Mississippi Supreme Court had nothing to say about a medical monitoring claim except: "plaintiffs conceded that the decision in [*Leaf River Forest Products v. Ferguson,* 662 So.2d 648 (Miss.1995) ] foreclosed recovery for their claims for increased risk of future disease, emotional distress arising from a fear of future disease, and medical monitoring." *Anglado v. Leaf River Forest Products, Inc.* 716 So.2d 543, 546 (Miss.1998). This language does not indicate that the court recognized a claim for medical monitoring. Similarly, *Batchelder v. Kerr–McGee Corp.,* 246 F.Supp.2d 525 (N.D.Miss.2003) provides no support for Plaintiffs' position because the court in that case merely approved a class action settlement and determined attorneys fees—there was no adjudication of the underlying claims.

The Defendant notes that other states have both recognized [2] and rejected [3] medical monitoring claims. In Mississippi, recognizing a medical monitoring claim would conflict with precedent establishing that a plaintiff allegedly exposed to a toxic or hazardous substance does not have a compensable injury until a disease caused by such exposure results. *Ferguson,* 662 So.2d at 658 ("The Fergusons will be able to pursue a cause of action against the appellants if any disease caused by alleged exposure to dioxin manifests itself in the future. Their claim based on fear of future disease is at best, premature"). Similarly, the Plaintiffs in this case allege only prospective physical and economic harm. The Court therefore concludes that Plaintiffs have not stated a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons stated above, the Motion to Dismiss filed by Defendant Brush Engineered Materials, Inc. [16], the Motion to Dismiss filed by Brush Engineered Materials, Inc. ("BEMI") and Brush Wellman Inc. and joined in by The Boeing Company [14], and the Motion to

---

**2.** *See, e.g., Theer v. Philip Carey Co.,* 133 N.J. 610, 628 A.2d 724, 733 (1993); *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 25 Cal.Rptr.2d 550, 863 P.2d 795 (Cal.1993); and *Hansen v. Mountain Fuel Supply Co.,* 858 P.2d 970 (Utah 1993).

**3.** *See Wood v. Wyeth–Ayerst Labs.,* 82 S.W.3d 849, 856 (Ky.2002); *Hinton v. Monsanto Co.,* 813 So.2d 827 (Ala.2001); *and Badillo v. American Brands, Inc.,* 117 Nev. 34, 16 P.3d 435 (2001). *See also Metro–North Commuter R.R. Co. v. Buckley,* 521 U.S. 424, 117 S.Ct. 2113, 138 L.Ed.2d 560 (1997).

Dismiss filed by Defendant Wess–Del, Inc. [22] are **GRANTED.**