United States Court of Appeals
Fifth Circuit

**F I L E D**

September 4, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-10923

A. CAL ROSSI

Plaintiff-Appellant,

VERSUS

FRANK WOHL, Individually, LANKLER SIFFERT & WOHL LLP,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division
3:06-CV-292

Before HIGGINBOTHAM, DAVIS and BARKSDALE, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[*]

This is an appeal from the district court's order dismissing the complaint of A. Cal Rossi, Jr. on defendants' motion to dismiss for lack of personal jurisdiction. Because we find that Rossi presented a prima facie case of specific personal jurisdiction over the defendants, we vacate and remand for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

A. Cal Rossi is a Texas resident. He hired defendants Frank Wohl, a New York lawyer, and his firm, Lankler Siffert & Wohl LLP, to represent him when he was indicted on charges of racketeering and securities fraud in the Southern District of New York. The firm has no offices in Texas.

Rossi was acquitted, but later refused to pay invoices submitted by his lawyers, claiming that the law firm misrepresented his obligation to pay for certain expert expenses. Specifically he claimed that the law firm had told him that he would not be liable for expert and consulting fees unless Rossi's employer first refused to pay, and, in the case of the fees charged by FTI Consultants, Inc. ("FTI"), that he would not be liable at all. The law firm sued for payment in the Southern District of New York and was successful in obtaining a summary judgment against Rossi. The firm then obtained an order for registration in Texas of the New York judgment. Also, the firm obtained three orders for ex parte turnover in the Northern District of Texas. Finally, the firm has filed a garnishment proceeding against Rossi and his employer in Texas State Court.

In sum, both defendants, the law firm and Frank Wohl, (1) placed hundreds of phone calls to Texas, (2) sent invoices exceeding $4 million to Texas, (3) made three trips to Texas to interview witnesses and meet with Rossi, and (4) allegedly committed a tort in the State of Texas by making false

2

representations to Rossi in Texas.  Further, the law firm alone (1) contracted to perform legal services for a client living and working in Texas, and (2) registered judgments against Rossi in Texas courts.

Rossi filed this suit in the Northern District of Texas, seeking recovery from the law firm for breach of fiduciary duty and fraud, based in part on the law firm's misrepresentation concerning his liability for expert fees.  The district court dismissed the suit for lack of personal jurisdiction over Wohl or his firm.

## II.

We review the district court's dismissal for lack of personal jurisdiction de novo.  Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 214 (5th Cir. 2000).  In a diversity action, the court may exercise personal jurisdiction over a nonresident defendant if (1) the Texas long-arm statute provides a basis for personal jurisdiction over the defendant and (2) exercise of personal jurisdiction is consistent with the Constitution's due process requirements.  Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002).  Because the Texas long-arm statute "reaches to the constitutional limits," we need only consider the due process analysis.  Id. at 469-70.

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum

3

state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." Alpine View, 205 F.3d at 215 (citations and internal quotation marks omitted). Minimum contacts can be established under two categories: specific or general jurisdiction. Id. The arguments before the district court focused on specific jurisdiction, which exists when a nonresident defendant has "purposefully directed its activities at the forum state and litigation results from the alleged injuries that arise out of or relate to those activities." Id.(citations and internal quotation marks omitted).

When the district court dismisses for lack of personal jurisdiction without holding an evidentiary hearing, as occurred in this case, we review the dismissal to determine whether the plaintiff presented a prima facie case supporting jurisdiction.[1] Id. In doing so, we accept the plaintiff's uncontroverted and nonconclusory factual allegations as true and resolve all controverted allegations in the plaintiff's favor. Id.

III.

The district court noted that the plaintiff sought to assert

---

[1] Although both parties submitted affidavits and other evidence in support of their positions on the motion to dismiss, the district court's Memorandum Opinion and Order on the Motion to Dismiss makes it clear that it treated the issue as one decided on the basis of the pleadings and without an evidentiary hearing.

specific jurisdiction on the basis of the following contacts or activities by the defendants: (1) contracting with and agreeing to represent him, a Texas citizen, and sending bills and placing phone calls to Texas seeking payment for services rendered, (2) communicating false information to Plaintiff in Texas, and (3) filing the collection actions in state and federal court in Texas. The district court correctly considered and dismissed the contacts in items (1) and (3) as insufficient to establish personal jurisdiction over either Wohl or his firm.

The district court however did not address item (2), whether communicating false information to the plaintiff in Texas presents a sufficient basis on which specific jurisdiction could be established. Rossi's complaint alleges the following relevant facts: (1) "venue is proper in this Court in that some, if not all, of the misrepresentations described below were made by the Defendants to Rossi while Rossi was located in the Northern District of Texas"; (2) "[m]ore specifically, the Defendants made certain actionable misrepresentations of fact that were directed to a citizen of Texas (Rossi) in Texas"; and (3) "[b]y way of example only, the Defendants represented to Rossi, orally and in writing, that he would not be responsible for paying any monies to FTI for work/services rendered by FTI." Several cases from this circuit make it clear to us that these allegations are sufficient to raise a prima facie case of specific personal jurisdiction against the defendants.

5

In <u>Wien Air Alaska, Inc. v. Brandt</u>, 195 F.3d 208 (5th Cir. 1999), the defendant, a German attorney, provided legal services to the plaintiff, an Alaskan corporation based in Texas, to form several German companies. During these transactions, the defendant made various phone calls and sent faxes and letters to Texas, the forum state. Plaintiff alleged that these communications contained fraudulent misrepresentations. Plaintiff also alleged that the defendant made intentional, material misrepresentations while attending meetings in Texas. In addressing whether these allegations were sufficient to establish a prima facie case of personal jurisdiction against the defendant, we stated, "Even if the parties formed their relationship in Germany, however, a single act by Brandt directed toward Texas that gives rise to a cause of action by Wien Air can support a finding of minimum contacts." <u>Id.</u> at 211. In addition, "[w]hen the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment." <u>Id.</u> at 213.

In <u>Lewis v. Fresne</u>, 252 F.3d 352 (5th Cir. 2001), Lewis alleged that defendant Rosenfeld participated in a phone conversation between himself and Fresne that was designed to convince Lewis to make a loan on the basis of several misrepresentations. Rosenfeld did not correct the misrepresentations and prepared and sent loan documents and stock certificates to Lewis in Texas that contained fraudulent misstatements regarding the asset that was to secure the loan. We found these allegations to be sufficient evidence of

6

minimum contacts because a "single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." Id. at 358-59. See also Streber v. Hunter, 221 F.3d 701 (5th Cir. 2000) (Defendant Blazier purposefully availed himself of Texas laws when he gave tax advice that he knew would be received by a Texas client. At least some of the allegations forming the basis of the lawsuit arose from Blazier's contacts with Texas, including participation in a mediation in Texas. The exercise of personal jurisdiction over Blazier was appropriate.)

We see no basis to distinguish this case from the above authority. Rossi alleges acts by the defendants in Texas that give rise to at least one of the claims he asserts against the defendants. Accordingly, he has established a prima facie case that the defendants had minimum contacts with Texas because they "purposefully directed . . . activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." Alpine View, 205 F.3d at 215 (internal quotation marks omitted).[2]

Once a plaintiff has established minimum contacts with the forum state, the burden shifts to the defendant to show that the assertion of jurisdiction over him would be unfair. Wien Air, 195 F.3d at 215. Although the district court did not reach this stage of the analysis, it is rare that a defendant can make such a

---

[2] On remand, if requested by the parties, the district court may reconsider this issue following a Rule 12(b)(2) hearing.

7

compelling case once minimum contacts have been shown. <u>Id.</u> "If a cause of action for fraud committed against a resident of the forum is directly related to the tortious activities that give rise to personal jurisdiction, an exercise of jurisdiction likely comports with the due process clause, given the obvious interests of the plaintiff and the forum state." <u>Id.</u>

IV.

For the foregoing reasons, we vacate the judgment of the district court and remand this case for further proceedings.

VACATED and REMANDED.