IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-60953
Summary Calendar

LARRY EDWARD HYMES

Plaintiff-Appellant

v.

STATE OF MISSISSIPPI, and its Legislature, Agencies, and Tribunals;
GEORGE KELLY; GEORGE DUNBAR PREWITT, JR; WILLARD MCILWAIN

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CV-181

Before HIGGINBOTHAM, CLEMENT and HAYNES, Circuit Judges
PER CURIAM:[*]

Larry Edward Hymes appeals from the district court's grant of the state defendants-appellees' motion to dismiss his pro se civil lawsuit for lack of subject-matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1). We review de novo the district court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Musslewhite v. State Bar of Tex., 32 F.3d 942, 945 (5th Cir. 1994).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hymes argues that the district court did not lack subject matter jurisdiction because Mississippi has waived its sovereign immunity in cases raising claims such as his. However, the cases he has cited address only the State's waiver of immunity in state court, not in federal court. The district court did not err in determining that Mississippi and its agencies were immune from suit in federal court. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986).

Hymes argues that he met the Ex Parte Young[1] exception to sovereign immunity because he sued the state officials who occupy the state tribunals (courts) to enjoin their enforcement of a statute that is unconstitutional as applied. Although Hymes sought to amend his complaint to name the individual state officials who occupy the state courts, the magistrate judge denied his motion to amend. Thus, he does not meet the Ex Parte Young exception. See Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998).

Hymes challenges the denial of his motion to amend his complaint. The magistrate judge denied the motion to amend and, although Hymes filed a timely motion to reconsider that ruling, the district court did not address the motion to reconsider. Accordingly, we lack jurisdiction to review the denial of the motion to amend and dismiss this portion of the appeal. See Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 220 & n.8 (5th Cir. 2000). In any event, the district court has broad discretion to enforce the integrity of the pretrial scheduling order, and the deadlines for amendment and discovery had expired when the magistrate judge ruled on the motion to amend. See Turnage v. General Elec. Co., 953 F.2d 206, 208 (5th Cir. 1992).

Because the district court did not err in dismissing the complaint based on Eleventh Amendment sovereign immunity, we do not address the dismissal on

---

[1] Ex parte Young, 209 U.S. 123, 148-49 (1908).

Rooker/Feldman[2] grounds. Hymes's various other complaints about the district court's handling of his case, including claims that the district court misconstrued his claims and misstated the procedural and legal history of his claims, do not call into doubt the district court's conclusion regarding the threshold issue of subject matter jurisdiction. See Ceres Gulf v. Cooper, 957 F.2d 1199, 1202 n.7 (5th Cir. 1992).

The judgment of the district court is AFFIRMED in part, and the appeal is DISMISSED in part.

---

[2] Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).