BELSOME, J.,
Dissenting.
| dismissing Mr. Brumley’s lawsuit in favor of a Texas forum undermines his right to choose a venue; and secondly, it violates the very basic principles of judicial economy and efficiency by not establishing Texas as an available and adequate forum prior to the dismissal. Finding that Texas is a more appropriate forum is unreasonable. Therefore, I dissent.
Even though Mr. Brumley’s right to choose a forum is not given the same degree of weight as if Louisiana was his home forum, the case law does not imply that his right to choose a forum is inconsequential. To the contrary, the courts have found that while balancing the private interest factors, the court must also give the “relevant deference” to the plaintiffs choice of forum. Alpine View Co., Ltd. v. Atlas Copco AB, 205 F.3d 208 (5th Cir.2000) citing In re Air Crash, 821 F.2d 1147 (5th Cir.1987). Mr. Brumley resided and worked in the state of Louisiana for approximately four years. He has alleged substantial occupational exposure to asbestos during those four years at numerous sites. Thus, he has sufficiently pled valid causes of actions which arose in Louisiana, including Orleans Parish. For these reasons this case is distinguishable from the cases cited by the majority.
The commentary on Article 123 describes its purpose as follows:
|2The purpose of the principle is to guarantee that the forum is fair and convenient to the litigants and not a situs chosen by the plaintiff to harass the defendant. The doctrine is also designed to provide a method to regulate overcrowded dockets by permitting judges to transfer cases of no interest to the jurisdiction where the proceeding is filed to a more appropriate forum, (emphasis added).
1 La. Prac. Civ. Proc. Article 123 (2009 ed.).
Mr. Brumley’s tenure and alleged exposure to asbestos in Louisiana proves that the forum was not selected to harass the defendants, while also establishing a compelling reason for this jurisdiction to take interest in the case.
Additionally, the record does not indicate that the alternate forum is both available and adequate for Mr. Brumley’s case. In Alpine View, the United States Fifth Circuit reiterated what must be considered when determining if an alternative forum is available and adequate. The forum is considered available if the entire case and all parties can come within the jurisdiction of that forum; and the forum is adequate when the parties will not be deprived of all remedies or treated unfairly. Alpine View, supra. A determination of whether the alternate forum is available and adequate must be made prior to assessing the private interest and public interest factors. Id.
The defendants in the Alpine View case stipulated to the foreign forum and the court found that sufficient to conclude that *1120 the forum was available. Id. There has been no such showing in the instant case. As a matter of fact, the record would indicate that such a stipulation may have been rejected by some, if not all, of the defendants. In any case, the record does not provide proof of an available forum. Until an available forum is established, the potential for multiple suits and inconsistent judgments is a real concern. Thus, at this time, the principles of judicial economy and efficiency weigh in favor of Louisiana maintaining jurisdiction.
^Accordingly, I find the trial court abused its discretion in dismissing Mr. Brumle/s lawsuit for forum non conve-niens.