# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2011

No. 10-60356
Summary Calendar

Lyle W. Cayce
Clerk

LARRY EDWARD HYMES,

Plaintiff-Appellant

v.

STATE OF MISSISSIPPI, and its Legislature, Agencies and Tribunals; GEORGE KELLY; GEORGE DUNBAR PREWITT, JR.; WILLARD MCILWAIN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CV-181

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Larry Edward Hymes seeks leave to proceed in forma pauperis (IFP) on his appeal from the district court's denial of his motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. This court upheld on appeal the district court dismissal of Hymes's complaint against the State and its agencies as barred by the State's Eleventh Amendment and thus

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not address the dismissal of the complaint as barred by the *Rooker-Feldman*[1] doctrine. *Hymes v. State of Miss.*, 289 F. App'x 673 (5th Cir. 2008). In his post-appeal Rule 60(b)(6) motion, Hymes challenged the magistrate judge's prejudgment denial of his motion to amend the complaint to add the individual state court judges who comprised the "tribunals" as named defendants.

Hymes's motion to proceed IFP on appeal is construed as a challenge to the district court's certification decision that the appeal was not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997). Thus, his request "must be directed solely to the trial court's reasons for the certification decision." *Id.* This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks and citation omitted).

Hymes challenges the district court's determination that his motion to amend was untimely and that, even if the complaint had been amended, it was barred by the *Rooker-Feldman* doctrine. For the first time in the instant appeal, Hymes challenges the validity of the scheduling order and argues that he showed good cause for deviating from that order.

The record shows that Hymes sought to amend to name certain state government officials and, later, to add the state court judges after the amendment deadline had expired, and Hymes did not seek an extension of that deadline. As this court noted in dicta in the prior appeal, the lower court had broad discretion in enforcing its scheduling order. *Hymes*, 289 F. App'x at 675. None of Hymes's arguments present the type of exceptional circumstances warranting Rule 60(b)(6) relief from the district court's final judgment. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993).

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) .

No. 10-60356

Nor do they show that the denial of his Rule 60(b)(6) motion was so unwarranted as to constitute an abuse of discretion. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). Accordingly, he has not shown nonfrivolous issue for appeal.

Hymes's appeal does not involve legal points that are arguable on the merits, *see Howard*, 707 F.2d at 220, and his IFP motion is therefore denied. *See Baugh*, 117 F.3d at 197. Because the resolution of Hymes's challenge to the district court's certification order requires resolution of the merits of his appeal, the appeal is dismissed as frivolous. *See id.*; *see also* 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.