# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51177
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

STEVEN FRITZ, also known as Stephen Fritz, also known as Steve Fritz;
CAROL FRITZ, also known as Caroline Fritz,

Defendants - Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-550

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The United States sought to collect unpaid federal income tax liabilities owed by Steven Fritz. After a series of thorough opinions, the district court granted summary judgment in favor of the government. Fritz appeals, challenging not the substance of the tax assessment, but the jurisdiction of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51177

federal court, the due process he was provided, and several other ancillary objections.[1]  We affirm.

I.

The magistrate judge managing this litigation ably set out the background.  In brief, the United States "brought this suit seeking, among other things, to reduce Defendant Steven Fritz's 2000-2003 tax assessments to judgment and to foreclose on its federal tax liens against him."[2]  The district court found Fritz liable.[3]  Fritz timely appeals.

II.

A. *Subject Matter Jurisdiction*

Fritz first argues that the district court lacked subject-matter jurisdiction.  It did not.  This dispute is brought by the federal government and arises under the federal tax laws: it is settled beyond dispute that the federal courts have the power to resolve such cases.[4]

---

[1] Only Steven Fritz, acting *pro se*, has filed a brief.  Carol Fritz has not signed Mr. Fritz's brief, nor filed one of her own.  Because "in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer," *Gonzales* v. *Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998), his arguments cannot be used to support any claims she might have.

[2] *United States* v. *Fritz*, No. SA-12-CA-550, 2014 WL 5514381, at *1 (W.D. Tex. Sept. 10, 2014) (Bemporad, M.J.).

[3] *United States* v. *Fritz*, No. SA-12-CA-550, 2014 WL 5525220, at *2 (W.D. Tex. Oct. 2, 2014) (Biery, C.J.).

[4] *See, e.g.*, 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."); *Id.* § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."); *Id.* § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."); 26 U.S.C. § 7403(a) ("In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States . . . .").

No. 14-51177

In his brief, Fritz appears to argue that the United States must make a sworn statement attesting to the above facts in order for the court to exercise jurisdiction. He offers no relevant authority for such a statement, and we decline to impute such a requirement.[5]

### B. *Personal Jurisdiction*

Next, Fritz argues that the district court lacked personal jurisdiction over him. Again, it did not. Fritz was served process at an address in La Vernia, Texas. Under Federal Rule of Civil Procedure 4(k), "[s]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."[6] The jurisdiction of Texas state courts, in turn, extends to the limits of the Due Process Clause of the Fourteenth Amendment,[7] and it is long-established that the Constitution is not offended if a state exercises jurisdiction over a resident defendant.[8]

### C. *Jury Claim*

Fritz also claims that the court has denied him a right to a jury trial under the Seventh Amendment. The district court, however, granted summary judgment in favor of the government (a decision Fritz does not challenge), and as we have long held:

> The function of a jury is to try the material facts; where no such facts are in dispute, there is no occasion for jury trial. Thus the right to trial by jury does not prevent a court from granting

---

[5] We have held that the party seeking federal jurisdiction may be required to prove jurisdictional facts, such as the adequacy of the amount in controversy in a diversity case. *See, e.g.*, *Luckett* v. *Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). We have never – nor has any other court, to the best of our knowledge – required the United States government to prove that it is, in fact, the United States government.

[6] Fed. R. Civ. P. 4(k)(1)(A).

[7] *Gonzalez* v. *Bank of Am. Ins. Servs., Inc.*, 454 F. App'x 295, 299-300 (5th Cir. 2011) (unpublished).

[8] *See, e.g.*, *Helicopteros Nacionales de Colombia, S.A.* v. *Hall*, 466 U.S. 408, 415-16 (1984).

3

No. 14-51177

summary judgment. When the district court properly entered summary judgment dismissing his claim, appellant's demand for a jury trial became moot.[9]

### D. *Fair Debt Collection Practices Act*

Fritz next argues that the federal government acted as a debt collector in violation of the Fair Debt Collection Practices Act ("FDCPA").[10] His argument is largely incoherent, but in any event, it fails. Federal government officers and employees are explicitly exempted from the FDCPA's definition of "debt collectors."[11]

### E. *Recusal*

Finally, Fritz posits that Chief Judge Biery ought be recused. He does not appear to have moved for recusal below, and "[r]equests for recusal raised for the first time on appeal are generally rejected as untimely."[12] We do so here.

### III.

Any remaining arguments are equally without merit. We affirm the judgment of the district court.

---

[9] *Plaisance* v. *Phelps*, 845 F.2d 107, 108 (5th Cir. 1988) (internal citations omitted).
[10] 15 U.S.C. § 1692a *et seq.*
[11] *Id.* § 1692a(6)(C).
[12] *Andradei* v. *Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2013).