United States Court of Appeals
Fifth Circuit

**F I L E D**

March 29, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60157

_____

GEORGE PAZ; BARBARA FACIANE; JOE LEWIS; DONALD
JONES; ERNEST E. BRYAN; GREGORY CONDIFF; KARLA
CONDIFF; ODIE LADNER; HENRY POLK; ROY TOOTLE;
WILLIAM H. STEWART, JR.; MARGARET ANN HARRIS;
JUDITH A. LEMON; THERESA LADNER; YOLANDA PAZ,
Individually and on behalf of all others
similarly situated

Plaintiffs-Appellants

v.

BRUSH ENGINEERED MATERIALS INC; BRUSH WELLMAN
INC; WESS-DEL INC; THE BOEING COMPANY
Defendants-Appellees

------------------------------------------------------

CONS/W 05-60388

GEORGE PAZ; ET AL

Plaintiffs

v.

BRUSH ENGINEERED MATERIALS INC; ET AL

Defendants

1

----------------------------------------------------

JOSEPH P. HARRIS; MARGARET ANN HARRIS; TERRY R. LEMON; JUDITH A. LEMON; MARLIN MORAN; RODNEY SORAPURU; HERMELINDA SORAPURU; ALVIN PITTMAN, SR.

Plaintiffs-Appellants

v.

BRUSH ENGINEERED MATERIALS INC.; ET AL

Defendants

WESS-DEL INC

Defendant-Appellee
_____

Appeals from the United States District Court for
the Southern District of Mississippi, Biloxi
_____

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

For the reasons previously assigned in Paz v. Brush Engineered Materials, Inc., 445 F.3d 809 (5th Cir. 2006), we reversed the district court's dismissal of the appellants' claims against Wess-

Del for lack of personal jurisdiction, but because the district court's dismissal of the plaintiffs' case under Rule 12(b)(6) raised an important question of state law which the Mississippi courts had not resolved, we certified a question to the Mississippi Supreme Court before finally disposing of this appeal. The question certified was "[w]hether the laws of Mississippi allow for a medical monitoring cause of action, whereby a plaintiff can recover medical monitoring costs for exposure to a harmful substance without proving current physical injuries from that exposure?"

The Mississippi Supreme Court has now answered that question. See Paz v. Brush Engineered Materials, Inc., 2007 WL 14891 (Miss. 2007). The court, inter alia, stated: "This Court has continuously rejected the proposition that within tort law there exists a cause of action or a

general category of injury consisting solely of potential future injury.  Therefore, in response to the question from the Fifth Circuit as to whether Mississippi recognizes a medical monitoring cause of action without a showing of physical injury this Court has previously refused to recognize such an action and in accordance with Mississippi common law continues to decline to recognize such a cause of action."  Id. at *6. The Court also discussed a number of exceptions or qualifications to this general rule that do not apply in the instant case.  Id. at *2-3. Accordingly, we conclude that this case is controlled by the general rule announced by the Mississippi Supreme Court and requires that we affirm the district court's judgment on that basis.

Thus, although we previously concluded that

4

the district court erred in dismissing the case for lack of personal jurisdiction and maintain our reversal of that ruling, we now conclude, in light of the Mississippi Supreme Court's answer to the certified question, that the district court reached the correct result in granting the defendants' Rule 12(b)(6) motion to dismiss. For these reasons, we affirm the district court's judgment on that ground.