United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 05-60157
_____

GEORGE PAZ; BARBARA FACIANE; JOE LEWIS; DONALD JONES; ERNEST E.
BRYAN; GREGORY CONDIFF; ODIE LADNER; HENRY POLK; ROY TOOTLE;
WILLIAM H. STEWART, JR.; MARGARET ANN HARRIS; JUDITH A. LEMON;
THERESA LADNER; YOLANDA PAZ,
Individually and on behalf of all others similarly situated

Plaintiffs-Appellants

v.

BRUSH ENGINEERED MATERIALS INC; BRUSH WELLMAN INC; WESS-DEL INC;
THE BOEING COMPANY
Defendants-Appellees
--------------------------------------------------
CONS/W 05-60388

GEORGE PAZ; ET AL

Plaintiffs

v.

BRUSH ENGINEERED MATERIALS INC; ET AL

Defendants
--------------------------------------------------

JOSEPH P. HARRIS; MARGARET ANN HARRIS; TERRY R. LEMON; JUDITH A.
LEMON; MARLIN MORAN; RODNEY SORAPURU; HERMELINDA SORAPURU; ALVIN
PITTMAN, SR.

Plaintiffs-Appellants

v.

BRUSH ENGINEERED MATERIALS INC.; ET AL

Defendants

WESS-DEL INC

Defendant-Appellee

1

_____

Appeal from the United States District Court for
the Southern District of Mississippi, Biloxi
_____

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

ON PETITION FOR PANEL REHEARING

(Opinion, March 29, 2007, 5th Cir., 483 F.3d 383
(5th Cir. 2007))

PER CURIAM:

The petition for panel rehearing is DENIED.

DENNIS, Circuit Judge, dissenting from the denial of panel rehearing:

I respectfully dissent from the refusal to rehear this case. The panel majority refuses to exercise our discretion to remand the case so that the plaintiffs can amend their complaint in light of the Mississippi Supreme Court's response to our certified question. This denial does not foreclose the plaintiffs from re-filing their claims of physical injury caused by defendants' allegedly tortious conduct, but this denial may incur additional delays and costs on both parties.

I.

In Paz v. Brush Engineered Materials, Inc., 445 F.3d 809 (5th Cir. 2006), we certified a question to the Mississippi Supreme Court. The question certified was "[w]hether the laws of Mississippi allow for a medical monitoring cause of action, whereby

a plaintiff can recover medical monitoring costs for exposure to a harmful substance without proving current physical injuries from that exposure?"

The Mississippi Supreme Court answered that question. See Paz v. Brush Engineered Materials, Inc., 949 So.2d 1 (Miss. 2007). Accordingly, in Paz v. Brush Engineered Materials, Inc. II, 483 F.3d 383 (5th Cir. 2007), we concluded that this case is controlled by the general rule announced by the Mississippi Supreme Court and affirmed the district court's judgment on that basis.

The plaintiffs-appellants petitioned for rehearing so that we may remand the case to the district court as to allow them an opportunity to amend their complaint so that their claims can accord with the Mississippi Supreme Court opinion.

## II.

While the plaintiffs' claims in their initial complaint do not fit within the scope of cognizable torts as elucidated by the Mississippi Supreme Court opinion, the plaintiffs can still arguably re-fashion their claims as cognizable torts in accordance with that opinion. Since the district court and the plaintiffs did not have the benefit of that Mississippi Supreme Court opinion before a judgment was rendered, the case should be remanded for the limited purpose of allowing the plaintiffs an opportunity to move to amend their complaint and the district court to consider such a motion, now guided by that opinion.

3

Affirming a district court order with a limited remand to provide an opportunity for the plaintiffs to amend their complaint is sometimes a discretionary remedy permitted by this court for plaintiffs faced with an objectively uncertain state of the law often resulting in deficient claims. See In re Burzynski, 989 F.2d 733, 745 (5th Cir. 1993) (affirmed district court dismissal and remanded so as to "permit the plaintiff to attempt to amend his pleadings to state a claim."). See also Summer v. Land & Leisure, Inc., 664 F.2d 965, 971 (5th Cir. 1981); Eugene v. Alief Indep. Sch. Dist., 65 F.3d 1299, 1303-304, 1306 (5th Cir. 1995); Petrus v. Bowen, 833 F.2d 581, 582-583 (5th Cir. 1987).

"When justice so requires," we remand to the district court so the district court can decide if an amendment to a complaint should be allowed. See FED. R. CIV. P. 15(a); Marrero v. City of Hialeah, 625 F.2d 499, 511-512 (5th Cir. 1980) (citing Bryan v. Austin, 354 U.S. 933 (1957) (per curiam)). This accords with our general policy of favoring liberal amendment. See, e.g., Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997). In Marrero, even though we were inclined to find the district court judgment to dismiss for failure to state a claim as unaffected by a decision issued pending appeal, we granted remand so the district court and parties could have an opportunity to consider the change in the law and its effect on the claims at issue. 625 F.2d at 511-512. While the change in the state of the law was

4

more dramatic in <u>Marrero</u>, see also <u>Vicknair v. Formosa Plastics Corp. Louisiana</u>, 98 F.3d 837, 839 (5th Cir. 1996), I believe the same rationale would apply to the facts in this case.

III.

I would exercise our discretion in the interests of justice to remand this case for the limited purpose of having the District Court entertain plaintiffs' motion to amend. Accordingly, I dissent.