# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2013

No. 12-51255
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH LEON BOWLES, III,

                          Plaintiff-Appellant

v.

RANGER LAND SYSTEMS, INCORPORATED; DAVID TODD WATSON,

                          Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CV-46

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Joseph Bowles, III, a Texas resident, brought a personal injury action against defendant-appellee Ranger Land Systems, Inc. ("Ranger") in Texas state court based on allegations that he was injured in an automobile accident involving a former Ranger employee in Kuwait. Ranger, an Alabama corporation, removed to federal district court on the basis of diversity jurisdiction and thereafter successfully moved to dismiss the suit for lack of

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 12-51255

personal jurisdiction. In its order granting Ranger's motion to dismiss, the district court examined Ranger's business contacts with Texas and reasoned that those contacts were insufficient to subject Ranger to general personal jurisdiction in the state. We affirm.

"A 'federal court sitting in diversity may assert jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution.'" *Johnston v. Multidata Systems Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989)). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.*

The Supreme Court "ha[s] differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8, 9 (1984)). Here, Bowles has not argued that specific jurisdiction exists and it is undisputed that the alleged conduct giving rise to Bowles' claims occurred in Kuwait and is unrelated to any of Ranger's contacts with Texas. We therefore focus solely on general jurisdiction. *See Johnston*, 523 F.3d at 609.

"General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Id.* at 610. "The contacts must be reviewed in toto, and not in isolation from one another." *Id.* "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop*, 131 S. Ct. at 2851 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310,

No. 12-51255

317 (1945)). "A corporation's 'continuous activity of some sorts within a state[] . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Id.* at 2856 (quoting *Int'l Shoe*, 326 U.S. at 318). "This circuit has consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues." *Johnston*, 523 F.3d at 611. We have explained that "[t]he continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Systems, Inc. v. Perforada Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . . ." *Johnston*, 523 F.3d at 609 (alterations in original) (quoting *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Id.*

"We review de novo a district court's determination that it lacks personal jurisdiction." *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012). "The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing." *Johnston*, 523 F.3d at 609. "We resolve all relevant factual disputes in the plaintiff's favor." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006).

Ranger provides logistics services to U.S. agencies and other government contractors at various locations within the United States and abroad. It is undisputed that Ranger is an Alabama corporation with its principal place of business in Huntsville, Alabama. The district court based its personal jurisdiction analysis on uncontroverted evidence submitted by Ranger in support of its motion to dismiss. Although Bowles disagrees with the district court's assessment of the legal significance of Ranger's contacts, he does not dispute the

3

No. 12-51255

relevant jurisdictional facts, *viz.*: (1) six Ranger employees worked at two military bases located within Texas; (2) Ranger employees sometimes work at or participate in training programs at a Texas facility owned by British Aerospace Engineering ("BAE"), a British military contractor; (3) a small number of Ranger employees undergo processing at a U.S. military facility in Texas prior to traveling to assignments overseas; (4) Ranger pays unemployment and franchise taxes to the State of Texas; (5) Ranger's website can be accessed in Texas and contains email addresses for several Ranger employees.

Examining Ranger's Texas contacts in the aggregate, we conclude that Bowles failed to make a prima facie showing of general personal jurisdiction. Notably, Ranger does not maintain an office, bank account, or agent for service of process in Texas. *See Helicopteros Nacionales de Colombia*, 466 U.S. at 411. Arguably, Ranger's most significant and sustained contact with Texas is the presence of a small number of its mechanics employed at two U.S. military bases within the state: Fort Bliss in El Paso and Fort Hood in Killeen.[1] *Cf. Goodyear Dunlop*, 131 S. Ct. at 2852 (holding general jurisdiction did not exist where, inter alia, defendant corporations "ha[d] no . . . employees[] . . . in [the forum state]"). Ranger is paid for its work at these bases through a clearinghouse located in Georgia. Ranger has also had a small number of mechanics stationed at BAE's Military Truck Plant in Sealy, Texas, generally for periods of thirty days or less. That a small number of Ranger's employees happen to live and work in Texas on projects related to Ranger's dealings with the military or with other defense contractors does not indicate a sustained business presence in the state. *See*

---

[1] Like the district court, we assume without deciding that the presence of these employees at federal enclaves within Texas is relevant to assessing Ranger's contacts with the state. *Cf. Swanson Painting Co. v. Painters Local Union No. 260*, 391 F.2d 523, 525-26 (9th Cir. 1968) (concluding that defendant corporation "did purposefully avail itself of the privilege of conducting activities within [the forum state], notwithstanding the fact that such activities occurred mostly within the federal enclave" of a U.S. Air Force base).

No. 12-51255

*Johnston*, 523 F.3d at 612-13 (holding defendant did not "ha[ve] a general business presence in [Texas] based on the residence of two employees . . . [who] work[ed] from home and report[ed] to supervisors located in Toronto, Canada" because "[w]hile their presence [was] certainly a regular contact with Texas, it [was] not substantial enough to create a general business presence in Texas"); *see also id.* at 613 (citing with approval the conclusion in *Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745, 746-48 (4th Cir. 1971), that "no general jurisdiction [existed] despite the fact that the defendant had five employees located in the forum state"). The addition of Ranger's other forum contacts does not change the analysis. Neither Ranger's payment of state employment-related taxes nor the participation of Ranger employees in training and travel processing activities within Texas suggest systematic business contact with the state, *see Goodyear Dunlop*, 131 S. Ct. 2846; *Helicopteros Nacionales de Colombia*, 466 U.S. at 415-16, nor does the fact that Ranger's website provided email addresses with which Texas residents, like other visitors to the site, could contact certain Ranger employees, *see Revell v. Lidov*, 317 F.3d 467, 471 (5th cir. 2002); *cf. Mink v. AAAA Development LLC*, 190 F.3d 333, 337 (5th Cir. 1999).[2]

Accordingly, Bowles failed to establish that Ranger is subject to general personal jurisdiction in Texas. The district court's judgment is AFFIRMED.

---

[2] Bowles also appeals the district court's denial of his request for jurisdictional discovery to further explore the nature of Ranger's employees' presence at the military bases and the BAE facility. However, Bowles has made no reasonably particular allegations that cast any doubt on the extent of those contacts, *see Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005), which, as already explained, fall far short of establishing a basis for general jurisdiction. The district court did not abuse its discretion in denying the discovery request. *See Seiferth*, 472 F.3d at 276 ("[A] district court's discretion in discovery matters 'will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" (quoting *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000)).