**Brendan MULLEN, Plaintiff**

v.

**BELL HELICOPTER TEXTRON, INC., et al., Defendants.**

No. 1:15CV158–LG–RHW.

United States District Court,
S.D. Mississippi,
Southern Division.

Signed Aug. 17, 2015.

Tim C. Holleman, Boyce Holleman and Associates, P.A., Gulfport, MS, Anita Porte Robb–PHV, Gary C. Robb–PHV, Robb & Robb, LLC, Kansas City, MO, for Plaintiff.

Richard Lee Kimmel, Upshaw, Williams, Biggers &. Beckham, LLP, Greenwood, MS, Robert A. Miller, Katherine E. Bryant, Butler Snow LLP, Ridgeland, MS, Kathryn A. Grace–PHV, Wilson Elser Moskowitz Edelman & Dicker, LLP, Mc-Lean, VA, Lem E. Montgomery, III, Butler, Snow, O'Mara, Stevens & Cannada, Ridgeland, MS, William J. Katt–PHV, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Milwaukee, WI, Dudley Collier Graham, Jr., Wise, Carter, Child & Caraway, Jackson, MS, for Defendants.

Kevin R. Tully, H. Carter Marshall, Christovich & Kearney, LLP, for Rolls–Royce.

## MEMORANDUM OPINION AND ORDER GRANTING ROLLS–ROYCE CORPORATION'S MOTION TO DISMISS

LOUIS GUIROLA, JR., Chief Judge.

BEFORE THE COURT is the Motion [40] to Dismiss filed by Defendant Roll-Royce Corporation. Rolls–Royce Corporation requests dismissal for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), or alternatively, for a more definite statement pursuant to Fed.R.Civ.P. 12(e). Plaintiff Brenden Mullen has responded, and Rolls–Royce Corporation has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that it may not exercise personal jurisdiction over Rolls–Royce Corporation in this action. Therefore the Motion to Dismiss will be granted on Rule 12(b)(2) grounds. The Court does not address the remaining arguments.

## BACKGROUND

Mullen alleges he was riding as a passenger in a Bell 206L–1 helicopter in the course of his work for the U.S. Forest Service when "horns sounded and the pilot said 'we lost power.'" (1st Am. Compl. 6 (¶ 21), ECF No. 3). The helicopter crashed in the De Soto National Forest in Stone County, Mississippi, and Mullen was catastrophically injured as a result. (Id. (¶¶ 22–23)). Mullen alleges that Rolls–Royce Corporation manufactured the helicopter engine or its component parts. He brings six claims against Rolls–Royce Corporation: negligence, strict liability (manufacture and design), strict liability (failure to warn), breach of implied warranty of merchantability, and breach of implied

warranty of fitness for a particular purpose.

Rolls–Royce Corporation, a Delaware corporation with its principal place of business in Indianapolis, Indiana, seeks dismissal of the claims pursuant to Fed. R.Civ.P. 12(b)(2), for lack of personal jurisdiction. Additionally, Rolls–Royce Corporation contends that the factual allegations of Mullen's complaint are insufficient to state claims based on the Mississippi Products Liability Act. Rolls–Royce Corporation therefore requests either dismissal pursuant to Fed.R.Civ.P. 12(b)(6), or that Mullen be required to provide a more definite statement pursuant to Fed.R.Civ.P. 12(e).

## DISCUSSION

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.1994). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir.1997). If the motion is decided without an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists. *Luv N' care, Ltd. v. Insta–Mix*, 438 F.3d 465, 469 (5th Cir.2006); *Kwik–Kopy Corp. v. Byers*, 37 Fed.Appx. 90, at *3 (5th Cir.2002). In such case, the "court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Insta–Mix*, 438 F.3d at 469.

A federal court sitting in diversity may exercise personal jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2)

due process is satisfied under the fourteenth amendment to the United States Constitution. *Allred*, 117 F.3d at 281 (quoting *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir.1989)). Only if the requirements of both the long-arm statute and Due Process Clause are met can the court exercise personal jurisdiction over a non-resident defendant. *Id.*

### I.  Mississippi Long–Arm Statute

The Court must first determine whether Mississippi's long-arm statute provides for the exercise of personal jurisdiction over Rolls–Royce Corporation. If Mississippi law does not provide for the assertion of personal jurisdiction, the court need not consider the due process issue. *See Cycles*, 889 F.2d at 616. Jurisdiction is proper over a defendant if (1) the defendant entered into a contract with the plaintiff to be performed in whole or in part in Mississippi (the contract prong); (2) the defendant committed a tort, in whole or in part, against a plaintiff in Mississippi (the tort prong); or (3) the defendant was "doing business" in Mississippi (the "doing business" prong). *See Bally Gaming, Inc. v. Caldwell*, 12 F.Supp.3d 907, 912 (S.D.Miss.2014).

Mullen argues, with no opposition from Rolls–Royce Corporation, that the tort prong is applicable in this case. The Court has jurisdiction over Rolls–Royce Corporation under the tort prong of the long-arm statute "if any element of the tort (or any part of any element) takes place in Mississippi." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir.2006). "If the injury occurs in Mississippi, the tort is committed, at least in part, in the state, and the requirements of the long-arm statute are satisfied. The tortfeasor's presence in Mississippi is not required; causing an injury that occurs in the state is sufficient." *Seiferth v. Heli-*

*copteros Atuneros, Inc.,* 472 F.3d 266, 270–71 (5th Cir.2006). Because it is undisputed that Mullen was injured in Mississippi, he has satisfied the tort prong of the Mississippi long-arm statute.

## II. Due Process

■ Next, the Court considers whether the exercise of jurisdiction under state law would comport with the dictates of the Fourteenth Amendment Due Process Clause. This Clause permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *Alpine View Co., Ltd. v. Atlas Copco AB,* 205 F.3d 208, 214–15 (5th Cir.2000). Minimum contacts, for the purpose of satisfying due process, can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction. *Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994). Mullen argues general jurisdiction is proper in this case.

■ Establishing general jurisdiction requires a showing of substantial, " 'continuous[,]' and 'systematic' contacts … between a defendant and a forum." *Johnston v. Multidata Systems Int'l Corp.,* 523 F.3d 602, 609 (5th Cir.2008); *see also Bowles v. Ranger Land Sys., Inc.,* 527 F. App'x. 319, 321 (5th Cir.2013). In the context of a company, these contacts must be such as to "render [it] essentially at home in the forum state." *Daimler AG v. Bauman,* —— U.S. ——, 134 S.Ct. 746, 754, 187 L.Ed.2d 624 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011)).

■ A corporation is not "at home" in "every state in which it 'engages in a substantial, continuous, and systematic course of business.' " *Daimler,* 134 S.Ct. at 760–61. "Otherwise, 'at home' would be synonymous with 'doing business' tests" implicating the exercise of specific jurisdiction. *Id.* at 762 n. 20. In other words, the test is "not [simply] whether [the] corporation's in-forum contacts can be said to be in some sense 'continuous and systematic.' " *Id.* at 761. The Fifth Circuit, noting the "reduced role" played by general jurisdiction, has warned that the general jurisdiction test is "a difficult one to meet." *Johnston,* 523 F.3d at 609 (quoting *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.,* 249 F.3d 413, 419 (5th Cir.2001)). More recently, the Fifth Circuit has recognized that "it is the 'exceptional case' in which 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation' subject to general jurisdiction 'in that State.' " *Whitener v. Pliva, Inc.,* 606 Fed.Appx. 762, 764–65 (5th Cir.2015) (quoting *Daimler AG,* 134 S.Ct. at 761 n. 19) (citing *Monkton Ins. Servs., Ltd. v. Ritter,* 768 F.3d 429, 432 (5th Cir.2014) ("It is … incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.")). Further, the acts of a subsidiary or agent within the forum state do not impute such general jurisdiction to the parent. *Daimler AG,* 134 S.Ct. at 760.

The exercise of general jurisdiction over Rolls–Royce Corporation turns on the sufficiency of its affiliations with Mississippi. There is no dispute that Rolls–Royce Corporation is a Delaware corporation that is physically headquartered in Indiana. It is therefore "at home" in Delaware and Indiana. *Daimler,* 134 S.Ct. at 760; *Monkton,* 768 F.3d at 432.

Mullen argues that the following contacts show that Rolls–Royce Corporation is also at home in Mississippi: 1) Rolls–Royce maintains two facilities in Mississippi-an outdoor jet engine testing facility and a naval marine facility; 2) Rolls–Royce Corporation is registered in Mississippi and has an agent for service; 3) the chairman, president and CEO of Rolls–Royce N.A. made certain statements that

> reinforced the company's affiliation with Mississippi, noting that the new capital investment at the Stennis facility "demonstrates the strong partnership we have with Governor Barbour and the state of Mississippi" and that ROLLS–ROYCE "look[s] forward to continuing our great partnership with the state of Mississippi."

(Pl. Brief in Opposition 8, ECF No. 45).

Rolls–Royce Corporation counters that it does not operate the two Mississippi facilities—Rolls–Royce Marine North America Inc. operates the marine facility in Pascagoula and Rolls–Royce North America Inc. operates the outdoor jet engine testing facility at NASA's John C. Stennis Space Center.[1] Thus, although Rolls–Royce Corporation is registered to do business in Mississippi, that is the extent of its affiliation with the State.

The Fifth Circuit has held that being qualified to do business in a state " 'is of no special weight' in evaluating general personal jurisdiction." *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181 (5th Cir.1992) (quoting *Ratliff v. Cooper Lab., Inc.*, 444 F.2d 745, 748 (4th Cir. 1971)); *see also Johnston*, 523 F.3d at 614 ("Never before have we held that licenses to do work can create general jurisdiction."). Alone, Rolls–Royce Corporation's business registration in Mississippi does

not establish that it is "at home" in Mississippi.

■ Further, the maps attached to Plaintiff's response show twenty-four "main sites" of various Rolls–Royce companies operating across the United States and Canada. (Pl. Brief in Opposition Ex. A, ECF No. 45–1). Even if Rolls–Royce Corporation were operating all twenty-four facilities, the fact that two of them were in Mississippi would not necessarily be sufficient to establish general jurisdiction in this case,

> A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, "at home" would be synonymous with "doing business" tests framed before specific jurisdiction evolved in the United States. Nothing in *International Shoe* and its progeny suggests that a particular quantum of local activity should give a state authority over a far larger quantum of activity having no connection to any in-state activity.

*Daimler AG*, 134 S.Ct. at 762 n. 20 (quotation marks and internal citations omitted). The Court therefore finds that Rolls–Royce Corporation's affiliations with Mississippi are insufficient to establish general jurisdiction because it is neither incorporated nor maintains its principal place of business in Mississippi. Further, Rolls–Royce Corporation does not appear to conduct any operations in Mississippi, and therefore this cannot be one of the "exceptional" cases in which operations within the forum state subject a corporation to general jurisdiction.

### CONCLUSION

Jurisdiction is a threshold matter which must be established before the Court may

---

1. Both of these companies are also registered in Mississippi. (Def. Rebuttal Ex. A & B, ECF No. 46–1, 46–2).

proceed to adjudication of the merits of an action. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). The Court should not proceed further once it concludes that it lacks personal jurisdiction over a defendant. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir.2012). Because the Court has determined that it lacks personal jurisdiction over Rolls–Royce Corporation in this case, Rolls–Royce Corporation's Motion to Dismiss will be granted pursuant to Fed. R.Civ.P. 12(b)(2) and Plaintiffs claims against Rolls–Royce Corporation dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [40] to Dismiss filed by Defendant Roll–Royce Corporation is **GRANTED.** Plaintiff's claims against Rolls–Royce Corporation are **DISMISSED WITHOUT PREJUDICE.**